UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELIZABETH A. KLUMP,

                                        Plaintiff,

        v.

VISITING NURSING ASSOCIATION OF
WESTERN NEW YORK, INC., and
KALEIDA HEALTH,

                                        Defendants.

**DECISION
and
ORDER**

**06-CV-14S(F)**

        By letters filed March 12, 2007 (Doc. No. 75), Defendant Visiting Nursing

Association ("VNA" or "Defendant") requests reconsideration of this court's Decision

and Order (Doc. No. 70) and Order (Doc. No. 69).  By letter filed March 15, 2007 (Doc.

No. 77), Plaintiff opposed such reconsideration.  By letter filed March 20, 2007 (Doc.

No. 78), Defendant replied to Plaintiff's opposition letter.

        Upon reconsideration, the court finds

        (1)     That any statements by the court in the above-referenced Decision and

Order and Order to Defendant's objections to Plaintiff's Document Requests Nos. 6 and

7, the requests at issue on Plaintiff's motion to compel, are modified to note that

Defendant's objections to Plaintiff's requests included an objection based on lack of

relevancy.  Nevertheless, upon reconsideration, the court finds the requested

documents at issue sufficiently relevant to require disclosure pursuant to Fed.R.Civ.P.

34(a) and Fed.R.Civ.P. 26(b)(1).  Plaintiff's complaint includes allegations that during

the period of Moran's supervision of Plaintiff, during 2004,  while Plaintiff was still

employed by VNA, because Plaintiff had filed an earlier EEOC complaint alleging

employment discrimination against the VNA, Moran retaliated against Plaintiff by taking

adverse job actions against Plaintiff and by harassing Plaintiff, including making adverse comments on Plaintiff's mental condition.  As noted in the Order, Plaintiff's administrative complaint, including her charge of blacklisting by Defendants, was sustained by the EEOC.  Further, as found in the Decision and Order, the "360" evaluations of Moran's managerial performance for VNA during 2005 included critical comments on Moran's conduct which the court found "arguably corroborated" Plaintiff's allegations.  As a result of its *in camera* review of Moran's personnel file and related orders, the court learned that "360" comments were not part of Moran's managerial evaluation covering 2004 during which Moran supervised Plaintiff before Defendant terminated Plaintiff in July 2004.  According to Maureen Okruch, VNA's interim human resources manager, "[t]here are no "360 comments" for Ms. Moran for the 2004 Evaluation . . . [as] VNA did not conduct 360 interviews for any of its managers until 2006 (covering the 2005 calendar year)."  Declaration of Maureen Okruch, dated February 23, 2007 (Doc. No. 66) ¶ 4 (material in parenthesis in original).

Based on its *in camera* review of Moran's personnel file, including Moran's managerial reviews for 2004 and 2005, the court determined Plaintiff's Document Requests were not overbroad.  Decision and Order at 2.  However, because the court believed, mistakenly, that Defendant had not objected to Plaintiff's requests on relevancy grounds, the court did not determine whether the requests sought relevant information.  While the court at oral argument on Plaintiff's motion initially intended to limit disclosure to Moran's personnel file for the period of Plaintiff's employment, *i.e.*, 2004, Doc. No. 50, nevertheless as Defendant voluntarily produced for *in camera* review Moran's 2005 evaluations as part of Moran's personnel file, the court found, for

the reasons discussed, *infra*, such 2005 evaluations to also contain relevant information, particularly Moran's evaluation for 2005, including the "360" comments. Therefore, as stated, upon reconsideration, and after reviewing both Moran's 2004 and 2005 managerial evaluations, the court now finds Plaintiff's document requests for Moran's personnel file, which included Moran's 2004 and 2005 performance evaluations, sought relevant information within the scope of Fed.R.Civ.P. 26(b)(1).[1]

While, for the reason noted, Moran's managerial evaluation for 2004 does not include a so-called "360" evaluation, which was conducted by VNA on Moran's performance for 2005, upon *in camera* review, the 2005 evaluation was found to include "360" evaluations critical of Moran's conduct as a VNA manager, criticisms arguably consistent with some of Plaintiff's allegations of Moran's harassment.  It is not unreasonable to conclude that if the perceived deficiencies in Moran's management style were sufficiently noteworthy to VNA's "360" evaluators in 2005 to require they be reported to VNA's senior managers as part of Moran's performance evaluations, it is entirely probable that had VNA solicited  "360" evaluations of Moran's 2004 performance as a manager, similar deficiencies may have been observed.  Accordingly, Plaintiff should be permitted to elucidate how the "360" evaluations were conducted and the identity of the evaluators to discover whether, during Moran's 2004 employment with Defendant, while Moran supervised Plaintiff, Moran displayed conduct probative of Plaintiff's allegations.  Moreover, to the extent such conduct was discernible during the

---

[1]  The court's earlier observation, Doc. No. 57, that tendering the 2005 evaluation by Defendant was unresponsive to the court's direction did not imply the information contained in the evaluation was irrelevant to Plaintiff's claims, rather it merely noted that Defendant's submission was incomplete to the extent that Moran's 2004 evaluations had not been provided as directed by the court.

period of Plaintiff's employment while under Moran's supervision, testimony about the conduct could be admissible as part of Plaintiff's case-in-chief, pursuant to Fed.R.Evid. 404(b).  Under Rule 404(b) proof of other wrongs or acts are admissible in federal civil cases to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  *See Hynes v. Coughlin*, 79 F.3d 285, 290-91 (2d Cir. 1996) (applying Rule 404(b) to issue of intent in a federal civil action).  As such information would also enable Plaintiff to rebut expected denials that Moran harassed Plaintiff as Plaintiff alleges, Plaintiff's document requests were "reasonably calculated" to lead to the discovery of admissible evidence as permitted by Fed.R.Civ.P. 26(b)(1). Accordingly, as Plaintiff sought discovery of Moran's job-performance evaluations, which were included in Moran's personnel file, Plaintiff's document requests sought relevant evidence and were not overbroad.

Turning to Defendant's contention that the court mistakenly believed that the Moran performance evaluation for 2005 had been produced to Plaintiff prior to the court's *in camera* review, upon reconsideration, it appears that the court may have incorrectly read Defendant's attorney's letter to the court, dated January 24, 2007, to mean that Defendant's attorney had produced to Plaintiff's attorney Moran's "2005 performance evaluation," thereby obviating any need to rule on disclosure of the document.  In any event, the court, having overruled, for the reasons discussed, *supra*, Defendant's objection to Plaintiff's document requests based on relevancy, the court now directs that Moran's 2005 performance evaluation, including the "360" evaluations, be produced to Plaintiff **within 10 days** of this order.

Finally, Defendant urges the court rescind its awarding Plaintiff's costs on the

4

motion to compel against Defendant's attorneys in the amount of $800.  Nothing in the

court's reconsideration, at Defendant's request, of the Decision and Order requires

such relief.  The court previously found that, contrary to Defendant's objection,

Plaintiff's requests as to the Moran evaluations (which were lodged in Moran's

personnel file) were not overbroad, and has upon reconsideration now determined the

2004 and 2005 evaluations constitute relevant information within the liberal scope of

discovery available in federal civil cases.  As the court noted in the Decision and Order,

the purpose of Fed.R.Civ.P. 37(a)(2)(B) is to "minimize the need for judicial intervention

in discovery disputes."  Decision and Order at 3.  Significantly, the critical "360"

comments, part of the Moran 2005 performance evaluation, regarding Moran's

interactions with VNA employees, based on her managerial services during 2005, are

so "negative" that Moran's supervisor, who reviewed them, described them as

"puzzl[ing]" and creating a risk for VNA that the "good people," hired by Moran, may

"decide to leave."  Given that these evaluations are consistent with the work-place

harassment Plaintiff attributes to Moran while Plaintiff was under her supervision during

the first six months of 2004 leading to Plaintiff's termination, Defendant and its

attorneys cannot reasonably maintain their refusal to provide Moran's personnel files,

which they were obliged to review before deciding to oppose Plaintiff's document

requests, particularly Moran's managerial evaluations for 2004 and 2005, was

"substantially justified," Fed.R.Civ.P. 37(a)(4)(A), sufficient to avoid an award of costs in

the event of a successful motion to compel by Plaintiff.  Considering the entire record of

proceedings on Plaintiff's motion, it is apparent, in retrospect, that, contrary to

Defendant's counsel's position, as stated in a January 24, 2007 letter to the court,

Defendant did, indeed, have something "to hide" from Plaintiff, – Moran's managerial evaluation for 2005 which included the critical "360" comments.  Thus, absent Plaintiff's motion to compel, Defendant would have succeeded in avoiding the discovery of relevant evidence in this case.  The court therefore finds no reason to rescind its award of costs in Plaintiff's favor.

## CONCLUSION

Upon reconsideration, (1) the court's Decision and Order (Doc. No. 70) and Order (Doc. No. 69) are modified to acknowledge that Defendant objected to Plaintiff's Document Requests Nos. 6 and 7 on the ground of lack of relevancy; (2) Defendant's relevancy objections to Plaintiff's requests are overruled; (3) Defendant shall deliver a copy of the 2005 Moran performance evaluation, inclusive of the "360" comments, to Plaintiff **within 10 days** of this order; and (4) the court adheres to the prior award of costs upon Plaintiff's motion to compel.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 23, 2007
Buffalo, New York